# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDUARDO E. HERNANDEZ, | ) | NO. ED CV 15-606-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

### PROCEEDINGS

Plaintiff filed a complaint on March 30, 2015, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on May 21, 2015.

///

Plaintiff filed a motion for summary judgment on October 19, 2015.[1] Defendant filed a motion for summary judgment on November 18, 2015.[2] The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed April 6, 2015.

# BACKGROUND

Plaintiff asserts disability since August 18, 2011, based on several alleged impairments, including fibromyalgia (Administrative Record ("A.R.") 31-68, 206). In his testimony before the Administrative Law Judge ("ALJ"), Plaintiff testified he suffers from pain, fatigue and other limitations of allegedly disabling severity (A.R. 34-68). Plaintiff's last insured date was December 31, 2012 (A.R. 30).

The ALJ found that:

> Through the date last insured, [Plaintiff] had the following severe impairments: lumbago; lumbar radiculopathy; neuroforaminal stenosis at L4-S1; myalgia and myositis; neurogenic bladder; obstructive sleep apnea; right knee medial meniscus tear chondromalacia of patella; synovitis and tenosynovitis; partial medial meniscectomy;

---

[1] Plaintiff's motion violates paragraph VI of this Court's "Order," filed April 6, 2015. Counsel for Plaintiff shall heed the Court's orders in the future.

[2] Defendant's motion also violates paragraph VI of this Court's "Order," filed April 6, 2015. Counsel for Defendant also shall heed the Court's orders in the future.

```
         chondroplasty of medial femoral condyle and trochlear
         groove; mild degenerative disc disease at C5-6; right
         shoulder rotator cuff tear; obesity; and hyperlipidemia
```

(A.R. 14). The ALJ also purported to find, however, that Plaintiff does not have any "medically determinable impairment" of fibromyalgia (A.R. 15). In this regard, the ALJ stated:

> The undersigned notes that the claimant made complaints of "whole body pain," and was diagnosed with fibromyalgia (Ex. 6F, p. 147). Fibromyalgia is a disorder defined by the American College of Rheumatology (ACR). The Social Security Administration recognizes fibromyalgia as [a] medically determinable impairment if there are signs that are clinically established by the medical record. The signs are primarily the tender points. The ACR defines the disorder in patients as "widespread pain in all four quadrants of the body for a minimum duration of three months and at least 11 of the 18 specified tender points which cluster around the neck and shoulder, chest, hip, knee, and elbow regions." Other typical symptoms, some of which can be signs if they have been clinically documented over time, are irritable bowel syndrome, chronic headaches, temporomandibular joint dysfunction, sleep disorder, severe fatigue, and cognitive dysfunction. Based on the above-described criteria, the undersigned finds fibromyalgia is not a medically

///
///

```
 1        determinable impairment in this case because there are no
 2        such signs documented in the medical record.
```

(Id.) (emphasis added).

The ALJ found Plaintiff retains the residual functional capacity to perform a narrowed range of light work, including Plaintiff's past relevant work (A.R. 17-22). The ALJ deemed Plaintiff's contrary testimony not credible (A.R. 18-20). The ALJ cited as one of the bases for this credibility determination Plaintiff's supposed testimony that "he continued to seek employment after the alleged onset date" (A.R. 19). Accordingly, the ALJ found Plaintiff not disabled (A.R. 22-23). The Appeals Council considered additional evidence but denied review (A.R. 1-5).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

4

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis. See Brewes v. Commissioner of Social Sec. Admin., 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1232 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

I. **The ALJ's Decision Mischaracterizes the Record in at Least Two Significant Respects.**

The ALJ mischaracterized the record while rejecting the diagnosis of fibromyalgia. After correctly observing that the "signs" of fibromyalgia "are primarily the trigger points" ("at least 11 of the 18 specified tender points"),[3] the ALJ incorrectly asserted that "there are no such signs documented in the medical record" (A.R. 15). In fact, the medical record does document "such signs" (see A.R. 652 ("tender points: 15/18")).

The ALJ also mischaracterized the record while rejecting Plaintiff's credibility. The ALJ incorrectly asserted that Plaintiff "acknowledged he continued to seek employment after the alleged onset date" (A.R. 19; see also A.R. 18 (ALJ similarly asserting that Plaintiff "admitted that he has looked for work and applied to job posting since the alleged onset date")). In fact, Plaintiff testified that he sought employment only <u>before</u> the alleged August 18, 2011 onset date (A.R. 57, 61).

An ALJ's material mischaracterization of the record can warrant remand. See, e.g., Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1999). Both of the mischaracterizations

---

[3] Diagnosing fibromyalgia ordinarily involves testing for tenderness of certain points on a patient's body. See, e.g., Weiler v. Shalala, 922 F. Supp. 689, 693 (D. Mass. 1996).

6

in the present case were potentially material.

**II. <u>Several of the Reasons Stated by the ALJ for the Rejection of Plaintiff's Credibility are Legally Insufficient on the Present Record.</u>**

Where, as here, an ALJ finds that a claimant's medically determinable impairments reasonably could be expected to cause the symptoms alleged (A.R. 19), the ALJ may not discount the claimant's testimony regarding the severity of the symptoms without making "specific, cogent" findings, supported in the record, to justify discounting such testimony. See <u>Berry v. Astrue</u>, 622 F.3d 1228, 1234 (9th Cir. 2010); <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995); <u>but see</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must state "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[4] Generalized, conclusory findings do not suffice. See <u>Moisa v. Barnhart</u>, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony

---

[4] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. <u>See, e.g.</u>, <u>Burrell v. Colvin</u>, 775 F.3d at 1136-37; <u>Treichler v. Commissioner</u>, 775 F.3d 1090, 1102 (9th Cir. 2014); <u>Ghanim v. Colvin</u>, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); <u>Garrison v. Colvin</u>, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); <u>see also</u> <u>Ballard v. Apfel</u>, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are insufficient under either standard, so the distinction between the two standards (if any) is academic.

on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); Smolen v. Chater, 80 F.3d at 1284 ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); see also Social Security Ruling 96-7p.[5] A lack of objective medical evidence to support the alleged severity of a claimant's symptomatology "can be a factor" in rejecting a claimant's credibility, but cannot "form the sole basis." See Burch v. Barnhart, 400 F.3d 676, 681 (2005).

Several reasons stated by the ALJ for the rejection of Plaintiff's credibility cannot withstand analysis. As previously discussed, the stated reason that Plaintiff "acknowledged he continued to seek employment after the alleged onset date" was based on mischaracterization of Plaintiff's testimony.

Another reason stated by the ALJ for rejecting Plaintiff's credibility was the supposedly "conservative" nature of Plaintiff's treatment (A.R. 19). A conservative course of treatment sometimes properly may discredit a claimant's allegations of disabling symptoms. See, e.g., Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008) (treatment with over-the-counter

---

[5] Social security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

pain medication is "conservative treatment" sufficient to discredit a claimant's testimony regarding allegedly disabling pain). In the present case, however, it is doubtful that Plaintiff's treatment has been truly "conservative" in nature. Plaintiff has received repeated injections for pain, prescriptions for narcotic pain medication (including Tramadol and Vicodin) and surgery (although the surgery occurred several months after Plaintiff's last insured date) (A.R. 18, 47-48, 310, 407-08, 412-13, 427, 675). Characterization of such treatment as "conservative" may well be inaccurate. See, e.g., Aguilar v. Colvin, 2014 WL 3557308, at *8 (C.D. Cal. July 18, 2014) ("there is evidence in the record that Plaintiff has been prescribed narcotic pain medications, such as Vicodin. . . . It would be difficult to fault Plaintiff for overly conservative treatment when he has been prescribed strong narcotic pain medications"); Brunkalla-Saspa v. Colvin, 2014 WL 1095958, at *1 (C.D. Cal. March 18, 2014) ("[T]he ALJ found that Plaintiff had been conservatively treated with Vicodin. . . . But Vicodin qualifies as strong medication to alleviate pain") (citations and quotations omitted); Sanchez v. Colvin, 2013 WL 1319667, at *4 (C.D. Cal. March 29, 2013) ("Surgery is not conservative treatment"); Harrison v. Astrue, 2012 WL 527419, at *7 (D. Or. Feb. 16, 2012) (nerve blocks and multiple steroid injections "certainly not conservative"); Eicholtz v. Astrue, 2008 WL 4642976, at *3 (C.D. Cal. Oct. 20, 2008) (court acknowledged the precept that "[a]n ALJ may discount a claimant's testimony based on conservative treatment," but appeared to deem this precept inapplicable because the claimant took Tramadol); but see Bartlett v. Colvin, 2015 WL 2412457, at *12 (D. Or. May 21, 2015) (characterizing the prescription of Vicodin as "conservative treatment").

9

To the extent the ALJ inferred that Plaintiff's failure to have surgery earlier demonstrated the allegedly non-disabling severity of his symptoms, the inference lacks support in the medical record. The ALJ was not qualified to draw such an inference on his own. See Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ who is not qualified as a medical expert cannot make "his own exploration and assessment as to [the] claimant's physical condition"); see also Rohan v. Chater, 98 F.3d 966, 970-71 (7th Cir. 1996) (ALJ may not rely on his or her own lay opinion regarding medical matters); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1995) (same); cf. Rudder v. Colvin, 2014 WL 3773565, at *12 (N.D. Ill. July 30, 2014) ("The ALJ may be correct that disabling limitations from multiple sclerosis would result in more frequent treatment or need for medication. However, the ALJ must include evidence to support such a conclusion in his opinion because he is not qualified, on his own, to make such determinations.").

The ALJ's lack of medical expertise also renders legally insufficient the ALJ's discussion of Plaintiff's alleged medication side effects. Plaintiff testified that he suffers from disabling fatigue as a result of his impairment and the medication he takes therefor (A.R. 38-39, 52-53). The ALJ responded briefly:

> [A]lthough the claimant has alleged various side effects from the use of medications, the record indicates generally that those side effects are mild and would not interfere with the claimant's ability to perform work activities in any significant manner.

10

(A.R. 19). The medical record does not demonstrate that the side effects from Plaintiff's narcotic medications are "mild," and, again, the ALJ lacks the medical expertise to define on his own the severity of side effects from particular medications.

The ALJ also purported to rely on what the ALJ characterized as Plaintiff's "somewhat normal level of daily activity and interaction" (A.R. 19). In fact, Plaintiff testified to severely limited daily activities that would not support an adverse inference regarding Plaintiff's credibility (A.R. 34-39). See, e,g., Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) ("Vertigan") ("the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability"); Gallant v. Heckler, 753 F.2d 1450, 1453-55 (9th Cir. 1984) ("Gallant") (fact that claimant could cook for himself and family members as well as wash dishes did not preclude a finding that claimant was disabled due to constant back and leg pain); see also Burrell v. Colvin, 775 F.3d at 1138 (reversing adverse credibility determination where "the ALJ did not elaborate on *which* daily activities conflicted with *which* part of Claimant's testimony"). Here, the record does not reflect that Plaintiff performed activities which would translate to sustained activity in a work setting on a regular and continuing basis for eight hours a day, five days a week.

///
///
///
///

11

See SSR 96-8p (defining scope of residual functional capacity).[6]

### III. The Court is Unable to Deem the Errors Harmless.

The Court is unable to conclude that the ALJ's several errors were harmless. "[A]n ALJ's error is harmless where it is inconsequential to the ultimate non-disability determination." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and quotations omitted); see Treichler v. Commissioner, 775 F.3d at 1105 ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency"); Garcia v. Commissioner, 768 F.3d 925, 932-34 (9th Cir. 2014) (a failure to develop the record is not harmless unless it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination"; citing Tommasetti v. Astrue, 533 F.3d 1035 (9th Cir. 2008)); cf. McLeod v. Astrue, 640 F.3d 881,

---

[6] In Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) ("Burch"), the Ninth Circuit upheld an ALJ's rejection of a claimant's credibility in partial reliance on the claimant's daily activities of cooking, cleaning, shopping, interacting with others and managing her own finances and those of her nephew. In doing so, the Ninth Circuit did not purport to depart from the general rule that an ALJ may consider daily living activities in the credibility analysis only where "a claimant engages in numerous daily activities involving skills that could be transferred to the workplace." Id. at 681. Undeniably, however, it is difficult to reconcile the result in Burch with the results in cases like Vertigan and Gallant. Certainly, "the relevance of a claimant carrying on daily activities should be evaluated on a case-by-case basis." Bloch on Social Security § 3.37 (Jan. 2005). In the present case, in light of the seemingly conflicting Ninth Circuit case law as well as the evidence in the record belying the ALJ's assertion that Plaintiff's daily activities are "somewhat normal," this Court does not believe Burch compels affirmance.

887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error"). The infirmity of one or two stated reasons for an ALJ's credibility determination does not always require the overturning of that determination. See Carmickle v. Commissioner, 533 F.3d 1155 (9th Cir. 2008). In the present case, however, the remaining arguably valid stated reasons for the ALJ's credibility determination do not persuade the Court that the multiple errors in the credibility evaluation were harmless. Moreover, as discussed above, the ALJ's mischaracterizations of the record went beyond the evaluation of Plaintiff's credibility.

**IV. Remand for Further Administrative Proceedings is Appropriate.**

Because the circumstances of the case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d at 888; see Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) ("Connett") (remand is an option where the ALJ fails to state sufficient reasons for rejecting a claimant's excess symptom testimony); but see Orn v. Astrue, 495 F.3d 625, 640 (9th Cir. 2007) (appearing, confusingly, to cite Connett for the proposition that "[w]hen an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, we remand for a calculation of benefits") (quotations omitted); see also Brown-Hunter v. Colvin, 2015 WL 6684997, at *7-8 (9th Cir. Nov. 3, 2015)

13

```
 1  (discussing the evidently narrow circumstances in which a court will
 2  order a benefits calculation rather than further proceedings); Ghanim
 3  v. Colvin, 763 F.3d 1154 (9th Cir. 2014) (remanding for further
 4  proceedings where the ALJ failed to state sufficient reasons for
 5  deeming a claimant's testimony not credible); Garrison v. Colvin, 759
 6  F.3d 995, 1021 (9th Cir. 2014) (court may "remand for further
 7  proceedings, even though all conditions of the credit-as-true rule are
 8  satisfied, [when] an evaluation of the record as a whole creates
 9  serious doubt that a claimant is, in fact, disabled"); Vasquez v.
10  Astrue, 572 F.3d 586, 600-01 (9th Cir. 2009) (agreeing that a court
11  need not "credit as true" improperly rejected claimant testimony where
12  there are outstanding issues that must be resolved before a proper
13  disability determination can be made); see generally INS v. Ventura,
14  537 U.S. 12, 16 (2002) (upon reversal of an administrative
15  determination, the proper course is remand for additional agency
16  investigation or explanation, except in rare circumstances); Treichler
17  v. Commissioner, 775 F.3d at 1101 n.5 (remand for further
18  administrative proceedings is the proper remedy "in all but the rarest
19  cases").
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///
```

**CONCLUSION**

For all of the foregoing reasons,[7] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 2, 2015.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[7] Given the outstanding issues that need to be resolved in the present case, reversal with a directive for the immediate payment of benefits would not be appropriate. See, e.g., Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir. 1996) ("Some people may have such a severe case of fibromyalgia as to be totally disabled from working . . . but most do not. . . .").